**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE RUIZ PALOMAR,                                  No. C-13-1503 EMC (pr)

        Petitioner,

     v.                                                              **ORDER OF DISMISSAL**

T. ATHANS; *et al.*,

        Respondents.

_____/

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, he claims that the November 1, 2011 determination by the Board of Parole Hearings ("BPH") that he was not suitable for parole denied him due process because it was based on incorrect information in psychological reports and there was not some evidence of future dangerousness.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.)  The court may not grant habeas relief for state law errors.  *Id.*

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  *See Swarthout v. Cooke*, 131 S. Ct. at 862.  The Court explained

**United States District Court**

For the Northern District of California

1  that no Supreme Court case "supports converting California's 'some evidence' rule into a

2  substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise.

3        In light of the Supreme Court's determination that the constitutionally-mandated procedural

4  protections do not include a requirement that the parole denial decision be supported by some

5  evidence (or any other quantum of evidence), the petition must be denied.  The exhibits to the

6  petition show that Petitioner received the procedural protections to which he was entitled under

7  Supreme Court cases: he had an opportunity to be heard at the parole hearing and received a

8  statement of the reasons why parole was denied.  *See* Docket # 1, pp. 143-193.

9        A certificate of appealability will not issue because Petitioner has not made "a substantial

10  showing of the denial of a constitutional right."  28 U.S.C. §  2253(c)(2).  This is not a case in which

11  "reasonable jurists would find the district court's assessment of the constitutional claims debatable

12  or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

13        For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED**.

14        Petitioner's *in forma pauperis* is **GRANTED**.  (Docket # 2.)

15        The Clerk shall enter judgment and close the file.

16

17        IT IS SO ORDERED.

18

19  Dated:  April 11, 2013

20                                              _____
                                                  EDWARD M. CHEN
                                                  United States District Judge

21

22

23

24

25

26

27

28

2